631 So.2d 349 (1994)
Robert C. WATTLES, Appellant,
v.
Pamela A. WATTLES, Appellee.
No. 93-679.
District Court of Appeal of Florida, Fifth District.
February 4, 1994.
*350 Robert C. Wattles, Orlando, in pro. per.
Frank A. Taylor and Edward T. Cox, Jr., Orlando, for appellee.
BROCK, N.D., Associate Judge.
Robert Wattles, the former husband, appeals a final judgment of dissolution of marriage. He asserts that the trial court erred in: (1) awarding primary custody to the former wife; (2) awarding insignificant visitation to the former husband; (3) awarding insignificant visitation to the paternal grandmother; (4) inequitably distributing the marital assets and liabilities; and (5) refusing to allow particular witnesses of former husband to testify. The only issue that has merit is the former husband's contention that the court abused its discretion in entering the visitation order. We vacate the visitation portion of the final judgment; otherwise, the final judgment of dissolution of marriage is affirmed.
At the conclusion of the hearing the court stated, "I am going to order that visitation be in accordance with our standard visitation program ... unless the parties, themselves, agree to something different, whatever you agree to is fine with me." The court then requested the parties to submit a proposed final judgment to include their suggested visitation provisions, which both parties did. The trial court, without further hearing, entered a final judgment of dissolution of marriage that included the previously announced "standard" visitation program. The judgment provides for visitation by the former husband every other weekend from 8:00 A.M. Saturday until 6:00 P.M. Sunday during the school year. If there is no school the following day, visitation ends at 7:30 P.M. The former husband also has visitation from 4:00 P.M. until 7:00 P.M. on a weekday every other week. In addition, former husband has a total of five weeks of visitation, with the weeks configured variously at his option, from the day after school is dismissed in June of each year until four days before school begins in the fall of the year. Finally, former husband has visitation during one-half the holiday periods. The former husband complains that the "standard" visitation program is inappropriate in that it is based in part on the school year notwithstanding that the parties' child is only two years old.
There are no "standard" visitation rights as defined by any rule or statute. The trial court did not ask the parties' attorneys, as officers of the court, to prepare a judgment in accordance with specific directions by the trial court after the evidence was in and his decision was made. Rather, the trial court requested the parties' attorneys to submit their suggested visitation schedules in their proposed judgments. The court cannot delegate its decision-making authority to the attorneys of record. See Polizzi v. Polizzi, 600 So.2d 490 (Fla. 5th DCA 1992). Rather, it is the responsibility of the trial court, who finds the facts and applies the law in a dissolution proceeding, to establish a visitation schedule in compliance with the evidence and in accordance with Florida law.
The trial court abused its discretion by imposing a "standard" visitation schedule. Accordingly, the portion of the final judgment ordering "standard" visitation is vacated and the cause is remanded with directions to the trial court to provide for an appropriate visitation schedule more in conformity with the age of the child. The trial court may take additional testimony if needed.
AFFIRMED IN PART; VACATED IN PART; and REMANDED.
HARRIS, C.J., and DIAMANTIS, J., concur.