GRIFFIN, Judge.
Appellant, Ann Marie Owen, has appealed an order which modified the visitation provisions of a final judgment of dissolution and which disposed of a number of post-judgment motions related to visitation. These matters were considered sua sponte by the court at a hearing noticed only to hear a motion to compel discovery in preparation for a later scheduled motion for contempt. It is clear that the court made its orders based on its conclusion that the parties’ problems resulted from the nonspecific visitation provision in their divorce judgment and that the initial remedy the court intended to try was to order its “standard” visitation schedule. Nevertheless, appellant is correct that the court erred in modifying the visitation provisions without hearing the relevant testimony at a hearing noticed for this purpose. E.g., Sardinas v. Sardinas, 401 So.2d 909 (Fla. 4th DCA 1981); Barreiro v. Barreiro, 377 So.2d 999 (Fla. 3d DCA 1979). Also, this court has recently said that a visitation schedule is not necessarily appropriate just because it is “standard.” Wattles v. Wattles, 631 So.2d 349 (Fla. 5th DCA 1994). Counsel for both parties urged the court that a hearing would be in the child’s best interests, and the colloquy between the lawyers and the court suggests that a “standard” visitation schedule may not address the specific problem that has arisen in this family. Given the proceedings below, there is no way to tell. Accordingly, we reverse and remand for a hearing after proper notice on matters properly raised by motion.
REVERSED and REMANDED.
W. SHARP and THOMPSON, JJ., concur.