GRIFFIN, Judge.
We cannot say the court abused its very broad discretion in concluding that a substantial change in circumstances warranted the change of the rotating custody arrangement to primary residential. Nevertheless, under the circumstances, the court should have fashioned for this father a minimum visitation schedule consistent with the parenting goals of rotating custody and the “open and liberal” contact referenced in the lower court’s order. C.f. Wattles v. Wattles, 631 So.2d 349 (Fla. 5th DCA 1994); Buttermore v. Meyer, 559 So.2d 357 (Fla. 1st DCA 1990); see also Letourneau v. Letourneau, 564 So.2d 270 (Fla. 4th DCA 1990). We accordingly affirm the judgment, except for the visitation, and remand with directions that the trial court provide for an appropriate minimum visitation schedule.
AFFIRMED in part; REVERSED IN PART; and REMANDED.
W. SHARP and THOMPSON, JJ., concur.