756 So.2d 1081 (2000)
Pamela D. WILKINSON, Appellant,
v.
Richard W. WILKINSON, et al., Appellees.
No. 5D99-782.
District Court of Appeal of Florida, Fifth District.
April 20, 2000.
*1082 Dawn D. Nichols of Nichols & Ahmed, P.A., Daytona Beach, for Appellant.
Joan Stefanec Briggs of Adams, Briggs and Briggs, Daytona Beach, for Appellees.
COBB, J.
The former wife has filed this appeal from a "Final Judgment" based on the former husband's October 29, 1993 supplemental complaint for modification and the former husband's amended supplemental complaint for modification dated November 4, 1994. The marriage between the parties was dissolved by a final judgment of dissolution on November 18, 1991. This final judgment incorporated a separation, custody and property settlement agreement.
The former wife has raised numerous issues dealing with child support, rehabilitative alimony and property settlement. After a thorough review of the briefs and record on appeal, we find that one issue has merit.
The final judgment indicated that the former wife was to pay the former husband $6,959.29 based upon a monthly child support payment of $148.07 from April 1995 through February 1999 since the former husband had been the primary residential parent of the minor child, Blake, during that period. In addition, the former wife was ordered to continue paying child support for Blake in the amount of $148.07 per month. The former wife contends that the former husband never pleaded or affirmatively requested such child support. The record indicates that the husband was designated in 1996 as primary custodian of Blake but no pleadings were filed requesting child support from the wife.
Clearly, a court has an inherent authority to modify child support. Department of Health and Rehabilitative Services v. Morley, 570 So.2d 402 (Fla. 5th DCA 1990). The issue here, however, is one of due process as noted by this court in Peterson v. Mathies, 687 So.2d 47 (Fla. 5th DCA 1997)(father deprived of due process when at hearing on contempt motion, court decided to modify child support). The record supports the wife in this regard. Thus, the lower court erred in modifying child support relating to Blake without a specific pleading by the husband.
Accordingly, the final judgment is affirmed in all respects with the exception of the child support modification relating to the minor child, Blake.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ANTOON, C.J. and THOMPSON, J., concur.