COBB, J.
The appellant, Wendy Peterson, challenges an order entered by the trial court on November 13, 2000, entitled “Order Denying Custodial Parent’s Motion for Contempt, Motion for Appointment of Guardian Ad Litem.” The order in question, which was based upon an evidentiary hearing held on November 1, 2000, once again illustrates the problem inherent in having an adversarial attorney in a domestic relations case draft documents for the court’s signature. See, e.g., White v. White, 686 So.2d 762 (Fla. 5th DCA 1997); Wattles v. Wattles, 631 So.2d 349 (Fla. 5th DCA 1994); Polizzi v. Polizzi, 600 So.2d 490 (Fla. 5th DCA 1992). This practice invites the presentation of orders which do *980 not objectively and accurately represent the conclusions of the trial court.
The order in question was the result of a contempt hearing initiated by Peterson against Thomas Brown, the adjudicated father of her two children, and was predicated upon a judgment entered on August 18, 2000, which contained the following Paragraph L:
The parties have agreed and the Court does further Order that both parties shall provide the children at all time with a smoke free and alcohol free environment.
This provision apparently was intended to address health problems of the older child.
The second paragraph of the November 13, 2000 order reads as follows:
The parties stipulated and agreed that Paragraph L should not be interpreted to mean that neither party can take the minor child to a location where others are smoking or drinking but rather the interpretation of said clause shall, mean that neither party shall smoke or consume alcoholic beverages in the presence of the minor children.
The record reveals that there was no such stipulation by the parties. Moreover, the interpretation of Paragraph L of the August judgment is in clear conflict with its actual language, which provided that both parents were to provide the children with a smoke-free and alcohol-free environment, not merely that neither party would smoke or consume alcoholic beverages in the presence of the minor children.
Accordingly, we quash Paragraph 2 of the trial court’s order dated November 13, 2000.
' ORDER QUASHED IN PART.
SHARP, W., and HARRIS, JJ., concur.