830 So.2d 230 (2002)
UNIVERSAL BAIL BONDS, INC. and Kevin's Bail Bonds, Inc., Appellants,
v.
STATE of Florida, Appellee.
No. 4D01-3002.
District Court of Appeal of Florida, Fourth District.
November 13, 2002.
*231 Paige C. Tarver and Rachel S.G. Dooley of Dooley, Tarver & Frederick, Miami, for appellants.
Edward A. Dion, County Attorney for Broward County, Andrew J. Meyers, Chief Appellate Counsel, Tamara M. Scrudders and Beth-Ann E. Herschaft, Assistant County Attorneys, Fort Lauderdale, for appellee.
PER CURIAM.
Appellants, Universal Bail Bonds, Inc. and Kevin's Bail Bond's, Inc. (Sureties) appeal an Order Denying Surety's Motion to Discharge Bond Forfeiture. We reverse.
Sureties posted bond for the release of a defendant who had been arrested for trafficking in cocaine and conspiracy to traffic in cocaine. The clerk of the circuit court issued a notice of court date for defendant's arraignment. The notice of court date stated the date, time, and location of the arraignment. It was sent to sureties and a copy was placed in the court file as substitute notice for defendant pursuant to Florida Rule of Criminal Procedure 3.030(b) because defendant refused to provide the arresting and booking officers with a valid address where he could be reached.
Defendant did not appear at his arraignment. The trial court issued an Order Estreating Bond pursuant to section 903.26(2)(b), Florida Statutes (2001). In response, Kevin's Bail Bonds, Inc. filed Surety's Motion to Discharge Bond Forfeiture arguing that the applicable notice provisions were not strictly complied with and therefore the bond forfeiture should be discharged. After an evidentiary hearing, the trial court denied the motion and this appeal ensued.
Section 903.26, Florida Statutes, directs the court's conduct with regard to bond forfeitures. Section 903.26 states in relevant part:
(1) A bail bond shall not be forfeited unless:
(a) The information, indictment, or affidavit was filed within 6 months from the date of arrest, and
(b) The clerk of court gave the surety at least 72 hours' notice, exclusive of Saturdays, Sundays, and holidays, before the time of the required appearance of the defendant. Notice shall not be necessary if the time for appearance is within 72 hours from the time of arrest, or if the time is stated on the bond.
...
(2) (b) Failure of the defendant to appear at the time, date, and place of required appearance shall result in forfeiture of the bond. Such forfeiture shall be automatically entered by the clerk upon such failure to appear, and the clerk shall follow the procedures outlined in paragraph (a).
Sureties allege that the notice of court date sent pursuant to section 903.26(1)(b) was not sufficient based on this court's *232 previous decision in Southland Ins. Co. v. State, 497 So.2d 1331 (Fla. 4th DCA 1986).
In Southland, this court held that a judgment entered against a surety due to a defendant's failure to appear should be set aside for two reasons. Id. at 1331. The first reason was that the clerk of court failed to give the surety the required seventy-two hour notice pursuant to section 903.26(1)(b). The second reason was that the form of the notice sent to the defendant and the surety was defective and ambiguous because it did not state the nature of the hearing; that the defendant's presence was required; or that the failure of defendant to appear would result in the estreature of the bond. Id. at 1332.
Although the language of the statute does not specifically state what information is required to be contained in the notice, this court has previously held that the notice requirements in the statute are a strict prerequisite to forfeiture of the bond. In addition, the statute has been interpreted to require express actual notice to the surety. See American Bankers Ins. Co. v. Camacho, 727 So.2d 336 (Fla. 4th DCA 1999). Proper notice to sureties under the statute is an essential part of bond forfeiture proceedings. See also Bush v. International Fidelity Ins. Co., ___ So.2d ___, 2002 WL 31175207 (Fla. 4th DCA 2002).
The notice of court date in the instant case identifies the nature of the hearing as "arraignment." Therefore, it meets one of the requirements of Southland. However, the notice of court date does not meet the other two requirements of Southland. It does not state that defendant's presence is required and it does not state that the failure of defendant to appear will result in the estreature of the surety bond. Under the criteria listed in Southland, this notice is clearly defective and ambiguous.
Sureties have raised three additional points on appeal as to why the estreature should be vacated. We find these additional points to be without merit.
We vacate the Order Estreating Bond and order that the parties be placed in the same position they were in prior to the defective notice of court date. The state will have an opportunity to re-notice defendant with a notice that complies with the requirements of Southland.
REVERSED.
STEVENSON, SHAHOOD and HAZOURI, JJ., concur.