THOMPSON, J.
Douglas Paul Matheny appeals a judgment establishing paternity, parental responsibility, and child support. There are only two issues that merit discussion: visitation and calculation of child support. We affirm in part and reverse in part.
The trial court established the paternity of the minor child of Matheny (“father”) and Lisa Rachelle Briggs (“mother”). On appeal, the father argues that the trial court abused its discretion when it entered a detailed visitation order that varied from the visitation recommendation of a licensed psychologist who was appointed by the court as a custody evaluator. It is the responsibility of the trial court to establish a visitation schedule in compliance with the evidence and in accordance with Florida law. Wattles v. Wattles, 631 So.2d 349 (Fla. 5th DCA 1994); see also Adamson v. Chavis, 672 So.2d 624 (Fla. 1st DCA 1996). The creation of a visitation schedule is within a trial court’s discretion. Lewis v. Lewis, 665 So.2d 322 (Fla. 4th DCA 1995). Moreover, this court has held that it is within a trial court’s discretion to decline to follow a stipulated visitation schedule. See Kelley v. Kelley, 656 So.2d 1343, 1346 (Fla. 5th DCA 1995). If it is within the trial court’s discretion to decline to follow a stipulated visitation order, then it is also within the trial court’s discretion to decline to follow the recommendations of a custody evaluator. After thoroughly reviewing the record, we find no abuse of discretion.
The parties agree that the trial court erred when it refused to modify the amount the father was ordered to pay for child support and arrearage. The miscalculation was brought to the trial court’s attention in motions for rehearing filed by both parties. In their motions, the parties moved the court to correct the miscalculation of child support, but the trial court denied the motions without explanation. We affirm the judgment except that we reverse the child support portion of the judgment and remand for a redetermination of child support and arrears.
AFFIRMED, in part; REVERSED in part and REMANDED to redetermine child support and arrears.
SAWAYA, C.J. and MONACO, J., concur.