929 So.2d 671 (2006)
Lawrence E. MAYFIELD, Appellant,
v.
Angela MAYFIELD, Appellee.
No. 5D05-4262.
District Court of Appeal of Florida, Fifth District.
May 19, 2006.
*672 Lawrence E. Mayfield, New Smyrna Beach, Pro Se.
Angela Mayfield, Daytona Beach, Pro Se.
PER CURIAM.
The former husband, Lawrence E. Mayfield, appeals the final judgment of dissolution of marriage to his former wife, Angela Mayfield. Mr. Mayfield contends that the trial court erroneously valued the former wife and children's exclusive use of his non-marital home; miscalculated the amount of child support arrearages; and awarded inadequate visitation. We affirm.
Because no transcript exists of the proceedings, our review is limited to the pleadings, judgment dissolving the marriage and other matters contained in the record. As the appellant, Mr. Mayfield has the burden of demonstrating error. In the absence of an adequate transcript on appeal, a judgment that is not fundamentally erroneous must be affirmed. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979). Neither has the former husband complied with Florida Rule of Appellate Procedure 9.200(b)(4), which governs the preparation of a record when no transcript of the proceedings is available.
As the supreme court said in Applegate:
When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court cannot properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude *673 that the trial court so misconceived the law as to require a reversal.
377 So.2d at 1152.
Because no reversible error has been demonstrated from the record provided to us, we affirm.
AFFIRMED.
SAWAYA, ORFINGER and TORPY, JJ., concur.