948 So.2d 864 (2007)
Robert T. MURPHY, Appellant,
v.
Vickie H. MURPHY, Appellee.
No. 5D05-4459.
District Court of Appeal of Florida, Fifth District.
February 2, 2007.
*865 Gail Linscott Silva, Kissimmee, for Appellant.
Norman Linder Hull of Norman Linder Hull, P.A., Orlando, for Appellee.
EVANDER, J.
The former husband appeals the trial court's denial of his supplemental petition to reduce his child support obligation. Our review is limited because of the lack of a trial transcript.[1] In the absence of a trial transcript, we are obligated to affirm the trial court unless fundamental error appears on the face of the appealed order. Mayfield v. Mayfield, 929 So.2d 671 (Fla. 5th DCA 2006). See also Carney v. Carney, 861 So.2d 1272 (Fla. 1st DCA 2003).
A final judgment of dissolution of marriage was entered on April 3, 2003. The marital settlement agreement, which was incorporated into the final judgment, provided the former husband would pay rehabilitative alimony of $1,000 per month for twelve months and child support in the amount of $2,400 per month. The marital settlement agreement further provided:
Notwithstanding the above, the parties agree that the child support shall be recalculated pursuant to F.S. 61.30 effective upon the expiration of alimony as contained herein.
The former husband fully paid his alimony obligations. On April 28, 2004, the former husband filed a supplemental petition for modification seeking a reduction in his child support obligation. In his supplemental petition, the former husband alleged he no longer had the ability to pay $2,400 per month child support as his substantial financial assets had been depleted supporting his former wife and children over the past year. He claimed he was receiving no income from his electrical contracting business.
*866 Significantly, the supplemental petition did not allege the former husband had a right, pursuant to the terms of the marital settlement agreement, to seek a recalculation of child support. The supplemental petition also failed to allege a substantial change of circumstances had arisen based on the former wife's increased income.
During the course of the proceedings, an order was issued temporarily reducing the former husband's child support obligation to $668.18 per month. This order clearly provided it should not be considered a final determination of the former husband's modification action.
The case was tried on June 13, 2005. Written closing arguments were submitted by the parties approximately one month later. On November 30, 2005, the trial court entered an order denying the former husband's supplemental petition. The trial court found the former husband had failed to establish a substantial change of circumstances. The order clearly suggests the trial court found the former husband's testimony regarding his financial condition was not credible. Additionally, the trial court set aside the prior temporary order, resulting in the immediate establishment of a substantial arrearage.
On appeal, the former husband raises several issues. First, he claims the trial court erred in not considering the former wife's increased income as a basis to establish a substantial change of circumstances. As noted previously, the supplemental petition did not allege the former wife's increased income as grounds to reduce the former husband's child support obligation. Absent a trial transcript, we cannot determine if this issue was tried with the consent of the parties. Accordingly, we cannot find a fundamental error on the face of the order. Mayfield.
The former husband next alleges the trial court erred in "assigning the (former husband) a heavier burden to establish a substantial change in circumstances than the parties' marital settlement agreement established." However, the former husband never filed a motion or pleading seeking a recalculation of his child support obligation pursuant to the terms of the marital settlement agreement.[2] Indeed, this argument was not even raised in his written closing argument. Therefore, we find this argument to have been waived. Carlton v. Carlton, 816 So.2d 254 (Fla. 2d DCA 2002) (issue waived where not raised until hearing on motion to rehear). See also Wilkinson v. Wilkinson, 756 So.2d 1081 (Fla. 5th DCA 2000)(without specific pleading for relief by husband, award deprived wife of due process).
The former husband next claims it was error for the trial court to have reinstituted his original child support obligation retroactive to the date on which his child support obligation had been reduced by a prior temporary order. In support of his argument, the former husband cites to Rodgers v. Diederichsen, 820 So.2d 362 (Fla. 1st DCA 2002), Israel v. Israel, 824 So.2d 953 (Fla. 4th DCA 2002), and Kraus v. Kraus, 749 So.2d 513 (Fla. 2d DCA 1999). However, these decisions were rendered prior to the enactment of section 61.14(11), Florida Statutes. This statute became effective on July 1, 2004, and specifically provides:
(11)(a) A court may, upon good cause shown, and without a showing of a substantial change of circumstances, modify, *867 vacate, or set aside a temporary support order before or upon entering a final order in a proceeding.
(b) The modification of the temporary support order may be retroactive to the date of the initial entry of the temporary support order; or the date of filing of the . . . supplemental petition for modification;. . . .
Lastly, the former husband argues he is entitled to a new trial because the final order was entered approximately five and one-half months after the conclusion of the final hearing. An unreasonable delay in the rendering of a final order may serve as a basis for reversal. Walker v. Walker, 719 So.2d 977 (Fla. 5th DCA 1998). There is no "bright line" as to what is an unreasonable delay. Walker, 719 So.2d at 979. Reversal is required only where there is a reason to question the accuracy of the final order. Duva v. Duva, 674 So.2d 774 (Fla. 5th DCA 1996). In determining whether a delayed ruling warrants reversal and retrial, a critical determination is whether there is a conflict between the trial judge's statements or findings at the time of the trial and the ultimate written judgment, or if there is a factual finding in the final judgment which is not supported by the record. Walker, 719 So.2d at 979; see also Florida Air Academy, Inc. v. McKinley, 688 So.2d 359 (Fla. 5th DCA 1997). In this case, a review of the trial court's detailed order suggests no reason to question its accuracy.
AFFIRMED.
GRIFFIN and PALMER, JJ., concur.
NOTES
[1] Furthermore, no statement of evidence was ever submitted to this court. See Fla. R.App. P. 9.200(b)(4).
[2] We would note that if the former husband had sought a recalculation of child support pursuant to the terms of the marital settlement agreement, the trial court would have had the option of increasing his obligation, decreasing his obligation, or leaving it unchanged.