981 So.2d 583 (2008)
CONTINENTAL HERITAGE INSURANCE COMPANY and A-1 Magic Bonding, Inc., Appellants,
v.
STATE of Florida, Appellee.
Nos. 1D06-4663, 1D06-4664.
District Court of Appeal of Florida, First District.
May 12, 2008.
*584 Greg Chonillo, Coral Gables, for Appellant.
Bill McCollum, Attorney General, Edward C. Hill, Jr., Special Counsel, Criminal Appeals, Tallahassee, for Appellee.
THOMAS, J.
Appellant appeals an order denying its motion to set aside a bond estreature, arguing that it received insufficient notice. We disagree, and affirm. Because our holding directly conflicts with the Fourth District's holdings in Southland Insurance Company, Surety v. State, 497 So.2d 1331 (Fla. 4th DCA 1986), and Universal Bail Bonds v. State, 830 So.2d 230 (Fla. 4th DCA 2002), we certify conflict with the Fourth District.
Appellant, as surety, posted bond for two defendants' release following their arrests. The State sent Appellant and the defendants a Notice of Hearing, notifying them of date, time, and place for their arraignment. The notice directed Appellant and the defendants to "Please govern [themselves] accordingly."
The defendants did not appear for their arraignment, and the court subsequently forfeited their bond pursuant to section 903.26, Florida Statutes (2005). Appellant paid the bond estreature, but later moved to set it aside, arguing that the notice it received did not comply with the legal requirements for notice. The court denied Appellant's motion.
Section 903.26, Florida Statutes (2005), states:
(1) A bail bond shall not be forfeited unless:
(a) The information, indictment, or affidavit was filed within 6 months from the date of arrest, and
(b) The clerk of court gave the surety at least 72 hours' notice, exclusive of Saturdays, Sundays, and holidays, before the time of the required appearance of the defendant. Notice shall not be necessary if the time for appearance is within 72 hours from the time of arrest, or if the time is stated on the bond.
* * *
(2)(b) Failure of the defendant to appear at the time, date, and place of required appearance shall result in forfeiture of the bond. Such forfeiture shall be automatically entered by the clerk upon such failure to appear, and the clerk shall follow the procedures outlined in paragraph (a).
In Southland, the Fourth District reversed a motion to set aside a bond estreature for two reasons: First, the clerk of court failed to give the surety the required 72-hour notice, as required in section 903.26; second, it relied on section 903.26 in determining that the notice received by the surety was defective and ambiguous because it did not state the nature of the hearing, that the defendant's presence was required, or that his failure to appear would result in estreature of the bond. Id. at 1331-32. In Universal, the Fourth District further explained its holding in Southland. It acknowledged that section 903.26 does not contain any specific requirements for the notice to the surety; however, it restated its prior holding that *585 the notice requirements specified in Southland are a strict prerequisite to forfeiture of a bond. 830 So.2d at 232. It then vacated the order estreating bond, reasoning that the notice complied with only one of the requirements by identifying the nature of the hearing. Id. Because the notice did not state that the defendant's presence was required or that his failure to appear would result in a forfeiture, it was defective and ambiguous. Id.
Appellant does not argue that it did not receive the required 72 hours' actual notice of the defendants' arraignment. See Allied Fidelity Ins. Co. v. State, 499 So.2d 932, 934 (Fla. 1st DCA 1986) (holding that 72 hours' actual notice before a hearing is required; it is not sufficient to make court calendars available to all the sureties in the county). Generally, the plain meaning of a statute is controlling. Jackson County Hosp. Corp. v. Aldrich, 835 So.2d 318, 329 (Fla. 1st DCA 2002). We do not interpret section 903.26 to find that notice is defective as a matter of law when it fails to specifically identify the type of proceeding, that a defendant's presence is required, and that his or her failure to appear will result in an estreature. It is not for us to read additional requirements into a statute which the legislature has not included. See Penelas v. Arms Tech., Inc., 778 So.2d 1042, 1045 (Fla. 3d DCA 2001) ("The power to legislate belongs not to the judicial branch of government, but to the legislative branch.").
Having determined that the notice here is not defective as a matter of law, we find that it was sufficient, as it provided actual notice to Appellant of the date, time and place for the defendants' arraignments. A defendant's presence is required at an arraignment unless he or she has filed a motion waiving the arraignment under rule 3.160(a), Florida Rules of Criminal Procedure. The failure of the notice to specifically state that the defendants' presence was required does not render it defective.
AFFIRMED; CONFLICT CERTIFIED.
DAVIS and BENTON, JJ., concur.