SAWAYA, J.
 

 Kristin Larocka (hereinafter Mother) appeals a final judgment of dissolution of marriage, claiming that the trial court erred in: 1) delegating its authority to a third party to establish visitation of the minor child with Mother; and 2) failing to set forth a contact schedule for Mother and the minor child in the final judgment. We agree.
 

 In the dissolution proceedings, John Larocka (hereinafter Father) and Mother originally had counsel, but terminated their employment and attended the final hearing pro se. There were two children born of their marriage — a son who is currently eighteen years or older and a daughter under the age of eighteen. The final judgment specifically provides that Father is to be the primary residential parent of the daughter and that Mother have open and reasonable contact as set forth in the judgment. However, the final judgment provides that contact and visitation between Mother and her daughter will be established by a counselor.
 

 Mother argues that the trial court may not delegate its statutory authority to determine visitation to third parties. The courts have consistently agreed with this principle.
 
 See Lovell v. Lovell,
 
 14 So.3d 1111, 1114 (Fla. 5th DCA 2009) (“[Reversal is required because the trial court cannot delegate its authority to another person to rule on the visitation details. There is no legal basis for allowing the children’s therapist to make the final call on when the new wife can be allowed to be in the presence of the children. This determination is solely within the province of a court of law.”);
 
 Shugar v. Shugar,
 
 924 So.2d 941, 942 (Fla. 1st DCA 2006) (“Courts may not delegate their statutory authority to determine visitation to [guardians ad li-tem], attorneys, or experts.” (citing
 
 McAlister v. Shaver,
 
 633 So.2d 494 (Fla. 5th DCA 1994);
 
 Wattles v. Wattles,
 
 631 So.2d 349 (Fla. 5th DCA 1994);
 
 Roski v. Roski,
 
 730 So.2d 413 (Fla. 2d DCA 1999))).
 

 There is no transcript of the trial proceedings and the record before us is rather sparse. The lack of a transcript or an incomplete record would usually hamper this court’s ability to conduct a meaningful and thorough review of the issues
 
 *913
 
 raised by either party and would thus require affirmance. However, that is not the case here, because the error appears on the face of the final judgment under review. The courts have consistently held that despite the lack of a transcript and an adequate record, when the error appears on the face of the judgment, it should be corrected.
 
 Silverman v. Silverman,
 
 940 So.2d 615 (Fla. 2d DCA 2006) (“‘[T]he absence of a transcript does not preclude reversal where an error of law is apparent on the face of the judgment.’ ” (quoting
 
 Chirino v. Chirino,
 
 710 So.2d 696, 697 (Fla. 2d DCA 1998)));
 
 Fugina v. Fugina,
 
 874 So.2d 1268, 1269 (Fla. 5th DCA 2004) (“Because there is no transcript of the hearing in this contempt proceeding, our review is limited to errors of law that are apparent on the face of the record.” (citing
 
 Fortune v. Pantin,
 
 851 So.2d 274 (Fla. 5th DCA 2003);
 
 Casella v. Casella,
 
 569 So.2d 848, 849 (Fla. 4th DCA 1990)));
 
 Kanter v. Kanter,
 
 850 So.2d 682 (Fla. 4th DCA 2003);
 
 Ballesteros v. Ballesteros,
 
 819 So.2d 902 (Fla. 4th DCA 2002);
 
 Calderon v. Calderon,
 
 730 So.2d 400 (Fla. 5th DCA 1999);
 
 see also Sugrim v. Sugrim,
 
 649 So.2d 936, 937 (Fla. 5th DCA 1995) (stating that errors concerning evidentiary sufficiency that appear on the face of a final judgment are reviewable even if no transcript of the trial proceedings exists);
 
 Holmes v. Holmes,
 
 578 So.2d 323, 324 (Fla. 4th DCA 1991) (reversing a dissolution judgment, despite the absence of a transcript and a meager record, because the judgment was “fundamentally erroneous on its face”).
 

 Mother alleges in her brief that she has not visited with her daughter in more than eight months. “It is the public policy of this state that each minor child has frequent and continuing contact with both parents after the parents separate or the marriage of the parties is dissolved and to encourage parents to share the rights and responsibilities, and joys, of childrearing.” § 61.13(2)(c)l., Fla. Stat. (2007). It is the responsibility of the trial court to make that assurance by establishing a contact and visitation schedule between Mother and her daughter. We reverse the part of the final judgment that delegates that responsibility to a counselor and remand this case to the trial court so it can comply with its judicial responsibility.
 

 REVERSED and REMANDED.
 

 MONACO, C.J. and LAWSON, J., concur.