IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MEAGAN TRAMBLE,

      Appellant,

v.                                               Case No.  5D14-3751

RODNEY TRAMBLE,

      Appellee.

_____/

Opinion filed June 24, 2016

Appeal from the Circuit Court
for Brevard County,
Charles M. Holcomb, Judge.

John J. Albert, of Albert & Donnelly LLC,
Melbourne, for Appellant.

John Vernon Moore, of Morgan & Barbary,
P.A., Melbourne, for Appellee.

COHEN, J.

      Meagan Tramble ("Former Wife") appeals a final judgment dissolving her marriage

to Rodney Tramble ("Former Husband"). No transcript of the trial was provided, nor was

a statement of the evidence or proceedings settled and approved pursuant to Florida Rule

of Appellate Procedure 9.200(b)(4).[1] Even in the absence of a transcript, we review these

---

[1] Former Wife prepared a statement of the evidence and proceedings to which Former Husband objected. The trial court rejected the statement, stating that it was "not an accurate reflection of the evidence adduced at trial upon which the Court relied in determining the time-sharing plan."

cases closely. Our review is limited, though, to error appearing on the face of the final judgment or in the pleadings and other matters in the record. Mayfield v. Mayfield, 929 So. 2d 671, 672 (Fla. 5th DCA 2006).

Most of Former Wife's arguments either cannot be substantiated without a transcript or are, in fact, refuted by the limited record provided.[2] Yet we do find reversal is required on one issue of substance—the trial court's failure to address Former Wife's request for child support retroactive to the date of separation. We remand for the trial court to determine Former Husband's liability, if any, for retroactive child support. In all other respects, we affirm.

AFFIRMED in part; REMANDED for further proceedings.

PALMER and EDWARDS, JJ., concur.

---

[2] For example, Former Wife challenges the failure of the court to determine the marital component of Former Husband's retirement account. There is a mediated settlement agreement that resolved the property issues and specifically provided that each party would keep his or her own retirement accounts.