# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-3080
LT Case No. 2022-DR-000299

_____

ELAINE FAVELA,

    Appellant,

    v.

NEIL RAMTAHAL,

    Appellee.

_____

On appeal from the Circuit Court for Marion County.
Ann Melinda Craggs, Judge.

Elaine Favela, Ocala, pro se.

No Appearance for Appellee.

February 7, 2025

WALLIS, J.

In this paternity case, Elaine Favela (Appellant), acting pro se, timely appeals an Amended Final Judgment Establishing Parenting Plan, which denied her petition for relocation, awarded her timesharing every other weekend, and ordered her to pay current and retroactive child support. Appellee, Neil Ramtahal, did not file an answer brief. Because an error appears on the face

of the judgment, we reverse and remand for recalculation of retroactive child support. In all other respects, we affirm.

Appellant first argues that an inconsistency appears in the judgment because the trial court found that at the time of the child's birth, the child resided with both parents, half the time at Appellant's home, and half the time at Appellee's home. Later in the judgment, the court found that at the time of the child's birth, the child resided with Appellee nearly 100% of the time *until the parties separated.* Thus, contrary to Appellant's claim, these findings are consistent.

Next, Appellant alleges six "contradictions" between the trial court's findings and the record, claiming either a lack of evidence to support the findings or evidence contradicting the findings. Without trial transcripts, this Court cannot review these claims. *Scott v. Stewart,* 50 Fla. L. Weekly D15a, D15a (Fla. 3d DCA Dec. 18, 2024) ("It is well settled that '[w]ithout a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory.'" (quoting *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979))).

Finally, Appellant correctly asserts that the trial court miscalculated her child support arrears by crediting her with $5,000 per month in income from June 1, 2021, to the time of trial when she did not start making $5,000 per month until December 2022. The court found that:

> The Petitioner is a Registered Nurse. Since December of 2020 her employment record has been unstable.[FN] She has worked for several employers in several cities and has been unemployed at times. Since December of 2022, the Petitioner currently works for the Women's Center of Brevard County as a sexual assault nurse examiner. Her gross income is $5,000.00 per month.
>
> [FN]The Petitioner worked for Kindred Hospital, Select Hospital, and was unemployed. She did not

work from approximately June 2021 to October of 2021 . . . . She also worked at Lifecare in Ocala.

However, the Child Support Guidelines Worksheet attached to the Final Judgment indicates that the trial court calculated retroactive child support by attributing $5,000 in income to Appellant from June 2021 forward. This was error that appeared on the face of the judgment. Therefore, we reverse, in part, and remand for the trial court to recalculate the amount of retroactive child support using accurate income figures for Appellant. *See Brown v. Norwood*, 343 So. 3d 685, 687–88 (Fla. 5th DCA 2022); *Larocka v. Larocka*, 43 So. 3d 911, 913 (Fla. 5th DCA 2010) ("[D]espite the lack of a transcript and an adequate record, when the error appears on the face of the judgment, it should be corrected.").

AFFIRMED in PART; REVERSED in PART; REMANDED.

EDWARDS, C.J., and KILBANE, J., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

3