# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D2023-2175
LT Case No. 2021-DR-1059

_____

NADIA KISWANI,

    Appellant,

    v.

SALEEM HAFZA,

    Appellee.

_____

On appeal from the Circuit Court for Seminole County.
Michael J. Rudisill, Judge.

Edward E. Emrick, IV, of Emrick Family Law Firm, Clermont, for Appellant.

Andrew J. Chmelir, of Jacobson, Chmelir & Ferwerda, Winter Springs, for Appellee.

February 14, 2025

PER CURIAM.

In this dissolution of marriage case, Nadia Kiswani ("Former Wife") appeals the trial court's final judgment, claiming it contains

several errors of a fundamental nature that require reversal.[1] We agree as to four of the five errors presented for appellate review.

*Invalid Parenting Plan*

Former Wife argues that the parenting plan, adopted by the trial court and incorporated into the final judgment, is invalid in three ways. The first is that it fails to implement a timesharing schedule. Section 61.13, Florida Statutes, requires that the parenting plan "[i]nclude the time-sharing schedule arrangements that specify the time that the minor child will spend with each parent." § 61.13(2)(b)2., Fla. Stat. (2024). The parenting plan in this case does not describe which parent gets timesharing or establish a specific timesharing schedule. Because the language used did not meet the statutory requirement to "[i]nclude the time-sharing schedule arrangements that specify the time that the minor child will spend with each parent," reversal is required. *Merlihan v. Skinner*, 382 So. 3d 735, 737 (Fla. 4th DCA 2024) ("When the trial court creates or adopts a parenting plan that falls short of meeting the statutory requirements, the appropriate course of action is to reverse and remand with instructions to address the missing requirements."). On remand, the trial court shall include the statutorily required timesharing schedule.

Second, Former Wife argues that the parenting plan improperly delegates the judicial responsibility to establish timesharing and visitation to a third party. Specifically, Former Wife argues that the trial court improperly delegated its responsibility to third parties by reserving its decision on Former Wife's timesharing until after she has met the recommendations of various medical professionals and allowing the minor child's therapist "to determine if, when and the parameters of telephonic

---

[1] Because no transcripts are in the appellate record, "our review is limited to the pleadings, judgment dissolving the marriage and other matters contained in the record." *Mayfield v. Mayfield*, 929 So. 2d 671, 672 (Fla. 5th DCA 2006). In this context, a "judgment that is not fundamentally erroneous must be affirmed" on appeal. *Id.*

and/or video contact" should occur between Former Wife and the minor child. We agree with Former Wife.

Although the trial court reserved authority to make the final decision on timesharing, that cannot happen absent a stamp of approval from third parties. This is impermissible. In *Barrack v. Barrack*, 323 So. 3d 764, 765 (Fla. 4th DCA 2021), the trial court stated that it would consider the father's motion to resume timesharing only after the mother and her selected therapists made such recommendations. The Fourth District Court of Appeal found "that this portion of the order impermissibly delegated to the former wife and therapists the trial court's authority to reestablish former husband's parenting time." *Id.* The situation in *Barrack* mirrors what happened in the present case when the trial court stated it would only assess timesharing upon the recommendation of the specified medical professionals.

Further, the language included in the parenting plan that the child's therapist shall "determine if, when and the parameters" of contact between Former Wife and the minor child has been specifically disallowed by this Court. In *Larocka v. Larocka*, 43 So. 3d 911, 912 (Fla. 5th DCA 2010), the lower court decided "that contact and visitation between Mother and her daughter will be established by a counselor." This Court agreed with the mother's argument that the trial court improperly delegated its statutory authority to establish visitation to a third party. *Id.* (citing *Lovell v. Lovell*, 14 So. 3d 1111, 1114 (Fla. 5th DCA 2009) ("[R]eversal is required because the trial court cannot delegate its authority to another person to rule on the visitation details. There is no legal basis for allowing the children's therapist to make the final call on when the new wife can be allowed to be in the presence of the children. This determination is solely within the province of a court of law.")). This is the exact scenario that arose in the present case. The trial court erred by leaving the decision of if, when, and how Former Wife and the minor child would visit with each other in the hands of the child's therapist.

Therefore, we reverse the trial court's apparent delegation of authority to review timesharing only upon the recommendation of third parties and the establishment of visitation between Former Wife and the minor child by the minor child's therapist. We further

remand so the trial court can enter a parenting plan consistent with this finding.

Third, Former Wife asserts that the timesharing plan impermissibly establishes the conditions for her to regain timesharing with the couple's one minor child. In *C.N. v. I.G.C.*, this Court found that "section 61.13(3) provides a clear standard applicable to modifying parenting plans, including timesharing schedules, that neither authorizes nor requires the trial court to set forth the specific steps necessary to reestablish timesharing." 291 So. 3d 204, 207 (Fla. 5th DCA 2020) (citing *Dukes v. Griffin*, 230 So. 3d 155 (Fla. 1st DCA 2017) (holding that outside of satisfying requirements of section 61.13, courts may not set forth another way, or other steps, for parents to modify unsatisfactory timesharing schedules)). "Courts may not circumvent that standard by setting forth extra-statutory contingencies for modification."[2] *C.N.*, 291 So. 3d at 207 (citing *Cont'l Heritage Ins. Co. v. State*, 981 So. 2d 583, 585 (Fla. 1st DCA 2008) (noting that courts should not read additional requirements into statute)). Because the conditions in the parenting plan, adopted and incorporated into the final judgment, are impermissible, it is necessary that they be removed on remand.

*Former Husband's Equitable Distribution Chart*

Former Wife argues that the trial court erred because the equitable distribution chart lacks the appropriate findings concerning the parties' assets and liabilities. We agree to the

---

[2] In *C.N. v. I.G.C.*, 316 So. 3d 287 (Fla. 2021), the Florida Supreme Court agreed "that a final judgment modifying a preexisting parenting plan is not legally deficient simply for failing to give specific steps to restore lost timesharing[,]" abrogating cases that "stand for the proposition that final judgments modifying timesharing must include the specific steps necessary to reestablish timesharing." *Id.* at 289. However, the supreme court's decision declined to address if "section 61.13(3), Florida Statutes, does not authorize trial courts to include such steps in a final judgment modifying a parenting plan." *Id.* Thus, the supreme court's opinion left this Court's finding intact.

4

extent that the final judgment fails to provide any findings of fact regarding the nature of such assets, as required under section 61.075, Florida Statutes, which states that "any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment or order based on competent substantial evidence with reference to the factors enumerated in subsection (1)." § 61.075(3), Fla. Stat. (2024). As such, we reverse and remand for the trial court to make the necessary findings. *See Ortiz v. Ortiz*, 306 So. 3d 1081, 1082–83 (Fla. 3d DCA 2020) ("The final judgment on appeal here fails to identify and distribute all the marital assets as part of the equitable distribution scheme and does not contain the requisite statutory findings pursuant to Section 61.075. As such, we reverse and remand for the trial court to make the specific, requisite findings.").

*Determining The Parties' Income*

Wife asserts the trial court failed to make specific findings to support its imputation of income to both parties. "A trial court's decision on *whether* to impute income is reviewed for an abuse of discretion, while its determination of the *amount* of income to impute will be affirmed if supported by competent substantial evidence." *Saario v. Tiller*, 333 So. 3d 315, 321 (Fla. 5th DCA 2022). "In making an award of child support, the trial court is required to determine the net income of each parent pursuant to section 61.30, and to include findings in the final judgment." *Hindle v. Fuith*, 33 So. 3d 782, 786 (Fla. 5th DCA 2010).

The child support guidelines worksheet provides that Former Husband's net monthly income is $3,233.00. The trial court, however, failed to include statutory findings in the final judgment to support that amount. As such, trial court shall make the requisite findings on remand.

In addition, the trial court found that Former Wife was unemployed and imputed her income at minimum wage, but did not support its finding with specific facts or record evidence. *Freilich v. Freilich*, 897 So. 2d 537, 542–43 (Fla. 5th DCA 2005) ("Specifically, as to imputation of income, if the trial court does not include specific findings in the final judgment, the record must reveal competent, substantial evidence to support the trial court's

decision."). Section 61.30, Florida Statutes, provides the factors a trial court is to use to determine how much income to be imputed to an unemployed spouse. *See* § 61.30(2)(b), Fla. Stat. (2024). No record evidence exists that suggests the section 61.320(2)(b) factors were considered in rendering a final judgment. The trial court thereby erred in its imputation of minimum wage income to Former Wife. On remand, the trial court shall make the required statutory findings in support of the final judgment.

*Former Husband's Attorney's Fees*

Finally, the trial court erred in ordering Former Wife to pay all or a portion of Former Husband's attorney's fees without assessing each party's need for, and ability to pay, such fees. It has been established that "a trial court must make findings of fact in the Final Judgment when awarding attorney's fees in a dissolution proceeding." *Simpson v. Simpson*, 780 So. 2d 985, 988 (Fla. 5th DCA 2001). As relevant here, the trial court must assess the need for, and ability to pay, attorney's fees. *See Gilliland v. Gilliland*, 266 So. 3d 866, 869 (Fla. 5th DCA 2019). The "failure to include these findings requires reversal of the attorney's fees award for the trial court to hear evidence and make the required findings in support of its ruling." *Id.* We, therefore, remand to the trial court to make the requisite findings.

AFFIRMED in part, REVERSED in part, and REMANDED with instructions.

MAKAR, HARRIS, and KILBANE, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————