STEVENSON, Judge.
This is an appeal by the former wife of a final judgment and amended final judgment granting in part the former husband’s petition for modification of alimony and child support. We affirm the modification of child support but reverse the modification of alimony.
We vacate that portion of the modification order relieving the former husband of any obligation to pay the previously ordered award of permanent periodic alimony. The trial court failed to find that the husband’s inability to pay the amount ordered in the original decree was “permanent” or that the husband was unable to pay any amount of alimony. See Pimm v. Pimm, 601 So.2d 534 (Fla.1992); McManus v. McManus, 638 So.2d 1051 (Fla. 2d DCA 1994). In addition, we reverse that portion of the modification order which terminates or suspends the former wife’s six year rehabilitative alimony award. The trial court failed to clearly find that, due to a material change in circum *1277 stances since the original decree, either (1) the former husband lacked the ability to pay that amount or (2) the former wife no longer needed the benefit of rehabilitative alimony, making the original rehabilitation plan obsolete. Cf. Vaccato v. Pustizzi, 648 So.2d 1206 (Fla. 4th DCA 1995) (en banc) (rehabilitative alimony does not automatically terminate upon remarriage; rather, remarriage should be but one factor from which the trial court decides whether there has been a material change in circumstances warranting termination).
The former wife further argues that the trial court erred in suspending her rehabilitative alimony in midstream, based on his finding that she had not actually sought any education, training, or rehabilitation to bring her back into the work force. We decline to address whether this finding alone would be sufficient to terminate or suspend an award of rehabilitative alimony since we cannot determine from the final order whether the trial court suspended the award for that reason, the former husband’s inability to pay, or the former wife’s lack of need.
We have examined the other issues raised by appellant and find no error. Accordingly, we vacate the modification award as to the issues of permanent periodic and rehabilitative alimony. We remand this cause to the trial court so that a new evidentiary hearing may be held, and final judgment entered concerning the modification of the former wife’s permanent periodic and rehabilitative alimony awards.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
POLEN, J., concurs.
WARNER, J., concurs specially without opinion.