944 So.2d 1081 (2006)
Darrel KUSICK, Appellant,
v.
Rondie KUSICK, Appellee.
Nos. 2D05-1270, 2D05-3265.
District Court of Appeal of Florida, Second District.
November 15, 2006.
Rehearing Denied January 3, 2007.
Andrew J. Rodnite, Jr. of Reeser, Rodnite, Outten & Zdravko, P.A., Palm Harbor, for Appellant.
M. Katherine Ramers of M. Katherine Ramers, P.A., Dunedin, for Appellee.
MAYE, VIVIAN C., Associate Judge.
In this consolidated appeal, Darrel Kusick challenges the trial court's order denying *1082 his supplemental petition for modification of alimony and granting Rondie Kusick's motion for order of contempt and counter-petition for attorney's fees and costs. Because Mr. Kusick failed to show a change in circumstances sufficient to warrant a modification of alimony, we affirm the trial court's denial of his petition to reduce alimony. We also affirm the trial court's order granting the former wife's motion for order of contempt without comment. However, because the trial court's order awarding attorney's fees does not contain specific findings as to the reasonableness of the hourly rate or hours expended on the case, we reverse as to the trial court's award of attorney's fees and remand for further proceedings.

Background
The thirty-year marriage of Darrel and Rondie Kusick ended in 1995. At the time of dissolution of this marriage, Mr. Kusick earned about $90,000 per year. For the time period pertinent to our analysis, the settlement agreement mandated alimony payments to Ms. Kusick of $2000 per month.
Within a year of the divorce, Mr. Kusick's position with his employer was eliminated and he was involuntarily terminated. For the next eight or nine years, he held several positions with different companies. Despite short periods of unemployment, Mr. Kusick was able to maintain an average income of over $90,000 per year until 2002. In 2003, his total income was $67,222.38. In November 2003, Mr. Kusick once again lost his job, and he remained unemployed until April 2004.
In March 2004, while still unemployed, Mr. Kusick filed a supplemental petition ("petition") for modification of alimony. Before the hearing on his petition was held, Mr. Kusick secured a position in technical sales with Computer Associates. Following a hearing on January 26, 2005, the trial court denied the petition, granted Ms. Kusick's motion for an order of contempt on past due payments of $5200, and granted Ms. Kusick's counter-petition for attorney's fees and costs.

Reduction of Alimony
"In order to justify a modification of alimony, the moving party must show: (1) a substantial change in circumstances; (2) that the change was not contemplated at the final judgment of dissolution; and (3) that the change is sufficient, material, permanent, and involuntary." Rahn v. Rahn, 768 So.2d 1102, 1105 (Fla. 2d DCA 2000). In this case, Mr. Kusick relied solely on his financial affidavit, prepared seven months prior to the hearing, and a letter of employment from Computer Associates offering him a base salary of $35,000 plus a $55,000 "incentive." Mr. Kusick's testimony during the January 26, 2005, hearing added no useful information and no evidence was presented such as a W-2 form or pay stubs to establish his actual, final 2004 income. Although the record on appeal contains evidence that Mr. Kusick's income may have indeed decreased during 2004 and the first part of 2005, this information was not part of the trial court's record at the January 26, 2005, hearing. We do not require our trial courts to be clairvoyant. The trial court's findings were properly based on the information available to it at the time of the hearing.
Mr. Kusick alleges that even if the trial court did not err by refusing to grant a permanent reduction in alimony, it nevertheless erred by failing to consider a temporary reduction. However, the fact that Mr. Kusick failed to prove a substantial change in circumstances renders the issue moot.
Because Mr. Kusick failed to provide any evidence of his 2004 income during the *1083 hearing on his petition, we conclude that the trial court did not abuse its discretion in finding that Mr. Kusick failed to prove a substantial change in circumstances warranting a reduction in alimony.

Attorney's Fees
On May 16, 2005, the trial court held a hearing on Ms. Kusick's motion for attorney's fees. Mr. Kusick and Ms. Kusick testified in detail as to their current financial resources and circumstances, and documents supporting their financial condition were entered into evidence. Ms. Kusick's attorney entered her invoice-to-date into evidence and testified as to the services rendered and as to her hourly fee. Although the balance due on the invoice submitted to the trial court was $7247.14, after a billing discrepancy was resolved the total amount due was determined to be $4800.
The trial court's final order awarding attorney's fees must contain specific findings as to the number of hours reasonably expended and make a determination as to the reasonable hourly rate being charged. See Fla. Patient's Comp. Fund v. Rowe, 472 So.2d 1145 (Fla.1985); Keeley v. Keeley, 899 So.2d 387, 389 (Fla. 2d DCA 2005). If the written order does not contain the required findings, the appellate court can look to the record. Sutton v. LeBeau, 912 So.2d 327, 328 (Fla. 2d DCA 2005). In the present case, the trial court failed to make specific oral or written findings as to the reasonableness of the hourly fee or the hours expended.[1]
We therefore reverse the order on fees and costs and remand with directions that the trial court enter an order containing specific findings as to the reasonableness of the hourly rate(s) charged and the reasonableness of the hours expended. An evidentiary hearing is not required unless the trial court finds that the record contains insufficient information to accomplish this task.
Affirmed in part, reversed in part, and remanded with directions.
STRINGER and DAVIS, JJ., Concur.
NOTES
[1] However, the trial court's findings regarding the current financial condition of the parties are supported by competent, substantial evidence. See Beck v. Beck, 852 So.2d 934, 938 (Fla. 2d DCA 2003).