ROTHENBERG, J.
The former wife, Concepcion Suarez, appeals from a post-dissolution order terminating, effective June 2008, the former husband’s, Victor Sanchez, obligation to pay permanent periodic alimony; decreasing the amount of the former husband’s alimony obligation for the months of January to May 2008; and denying the former wife’s motion for attorney’s fees. We conclude that the trial court abused its discretion by terminating the former husband’s obligation to pay permanent periodic alimony as of June 2008, and decreasing the former husband’s alimony obligations as to the months of January to May 2008, but did not abuse its discretion by denying the former wife’s request for attorney’s fees.
In June 2005, the former husband petitioned for divorce, and thereafter, in April 2006, a final judgment of dissolution of marriage, incorporating the parties’ marital settlement agreement (“MSA”), was entered. Under the MSA, the former husband, who was then seventy-nine years old and employed, agreed to pay the former *120 wife $1,500 per month in permanent periodic alimony. The MSA also detailed the division of the parties’ liabilities and assets, including the parties’ retirement accounts, pensions, and proceeds from the pending sale of their marital home. Following the division of the retirement accounts and the sale of the marital home, the former husband received approximately $209,000, whereas the former wife received $168,000. In 2006, the year the parties entered into the MSA, the former husband earned $36,666 in wages and received $33,921 from his pension and $20,293 in social security benefits.
In August 2007, less than one-and-a-half years after the parties entered into the MSA, the former husband filed a Motion for Modification and Termination of Alimony and for Other Relief (“Motion to Terminate/Modify”), asserting that there had been an involuntary, permanent, and substantial change in circumstances that was not contemplated when the parties entered into the MSA, including that he has since retired,[1] his income has decreased, the former wife has substantial assets, and the former wife’s needs have decreased. Thereafter, in February 2009, the former wife filed a motion for contempt and sanctions, asserting that the former husband failed to make certain alimony payments.
At the final hearing on the former husband’s and former wife’s motions, the evidence demonstrated that the former husband, who was then eighty-two years old, stopped working on June 20, 2008, when he was approximately eighty-one years old. Thereafter, he continued to receive social security benefits and pension payments, totaling over $58,000 in 2008.[2] Further, the former husband’s financial affidavit dated April 2, 2009, reflects that his monthly expenses total over $4,000, and he has $65,000 remaining in his Individual Retirement Account. On the other hand, the former wife’s financial affidavit reflects that her monthly gross income from social security, her pension, and interest and dividends totals $1,766[3] and her monthly expenses total $3,370. Further, the former wife testified that she has approximately $94,000 in certificates of deposit. Thus, the record reflects that the former husband’s gross annual income is $58,000, whereas the former wife’s gross annual income is $21,192, and the former husband’s reported annual expenses equal $48,000, whereas the former wife’s reported annual expenses equal $40,404.
Following the hearing, the trial court entered an order terminating the former husband’s alimony obligation effective June 2008; modifying the former husband’s alimony obligation for the months of January to May 2008, from $1,500 per month to $975 per month, with a $400 credit for the amounts paid during those months; and denying the parties’ motions for attorneys’ fees, finding that both parties have the need, but neither party has *121 the ability to pay. The former wife’s appeal followed.
The former wife contends that the trial court abused its discretion by terminating the former husband’s alimony obligations effective June 2008 because the change in circumstances — retirement at the age of eighty-one — was contemplated when the parties entered into the MSA, voluntary as he opted to retire, and neither substantial nor material, and because the former husband failed to establish that he is no longer able to pay any amount of alimony or that the former wife is capable of self-support. See Woolf v. Woolf 901 So.2d 905, 912 (Fla. 4th DCA 2005) (holding that the abuse of discretion standard of review applies to orders modifying alimony). Although we conclude that the former husband’s retirement amounts to a substantial and material change in circumstances, we find that the trial court abused its discretion by terminating the former husband’s alimony obligation. Therefore, we reverse the portion of the order under review terminating the former husband’s alimony obligation, but remand to allow the trial court to consider a modification of the former husband’s alimony obligation to the former wife.
 “[T]o justify a modification of alimony, the moving party must show: (1) a substantial change in circumstances; (2) that the change was not contemplated at the final judgment of dissolution; and (8) that the change is sufficient, material, permanent, and involuntary.” Kusick v. Kusick, 944 So.2d 1081, 1082 (Fla. 2d DCA 2006); see also § 61.14(l)(a), Fla. Stat. (2009) (“When the parties enter into an agreement for ... alimony, ... and the circumstances or the financial ability of either party changes ..., either party may apply to the circuit court ... for an order decreasing or increasing the amount of ... alimony, and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties ..., decreasing, increasing, or confirming the amount of ... alimony provided for in the agreement.”); Zeballos v. Zeballos, 951 So.2d 972, 974 (Fla. 4th DCA 2007); Woolf 901 So.2d at 912. Further, to terminate permanent periodic alimony, “the complaining party must allege that he or she is no longer able to pay any amount of alimony or that the recipient is able to support himself or herself through his or her own efforts and resources.” McManus v. McManus, 638 So.2d 1051, 1052 (Fla. 2d DCA 1994) (emphasis added); see also Weiser v. Weiser, 657 So.2d 1276, 1276 (Fla. 4th DCA 1995) (vacating modification order relieving former spouse of obligation to pay permanent alimony where trial court did not find that former spouse “was unable to pay any amount of alimony”). In addition, the party seeking the modification of alimony carries a heavier burden when the alimony is set by the parties’ agreement. Woolf, 901 So.2d at 912.
In Pimm v. Pimm, 601 So.2d 534, 537 (Fla.1992), the Florida Supreme Court set forth relevant factors that must be considered when determining whether a voluntary retirement is reasonable, and thus, may be considered as a change in circumstances when addressing a motion to modify alimony:
In determining whether a voluntary retirement is reasonable, the court must consider the payor’s age, health, and motivation for retirement, as well as the type of work the payor performs and the age at which others engaged in that line of work normally retire.... Even at the age of sixty-five or later, a payor spouse should not be permitted to unilaterally choose voluntary retirement if this choice places the receiving spouse in peril of poverty. Thus, the court should *122 consider the needs of the receiving spouse and the impact a termination or reduction of alimony would have on him or her.
In considering these factors, we note that, in addition to being eighty-one years old, the record demonstrates that the former husband’s health has deteriorated since the entry of the MSA; the former husband did not have an ill-motive in retiring; [4] and the former husband was a mechanic, which is an occupation that is not sedentary in nature. Although the record is silent as to the age other mechanics normally retire, we cannot imagine that many mechanics work beyond the age of eighty-one. Thus, we conclude that, although the former husband opted to retire, his voluntary retirement was reasonable and, therefore, properly considered by the trial court. See Wilson v. Wilson, 37 So.3d 877, 881-82 (Fla. 2d DCA 2010) (noting that, if a voluntary retirement is reasonable, it is a change in circumstances that may be considered, along with other factors, when determining whether alimony should be modified).
We next address whether the former husband’s retirement was a substantial and material change in circumstances. In 2006, the year the parties entered into the MSA, the former husband received $90,880 from his earnings, pension, and social security. However, following his retirement, the former husband received approximately $58,100, which is a thirty-six percent decrease from 2006.[5] Thus, we conclude that the former husband established that the change in circumstances— thirty-six percent decrease in income due to his reasonable retirement — was substantial and material. See id. at 881 (holding that a thirty-five percent decrease in income considered a substantial change in circumstances for purposes of modification of alimony). Therefore, based on the evidence presented by the former husband, we conclude that he met the prerequisites for a modification of alimony starting as of June 2008.
Although we conclude that the former husband established the prerequisites for a modification of permanent periodic alimony, we find that the trial court abused its discretion by terminating the former husband’s obligation to pay permanent periodic alimony because he failed to establish that he does not have the ability to pay any amount of alimony or the former wife is capable of self-support in light of her income and expenses. The record reflects that the former husband’s income is $58,000, whereas his annual expenses are $48,000, and the former wife’s annual income is $21,192, whereas her annual expenses are $40,400. If these calculations are correct, it appears that the former wife has demonstrated further need of the former husband’s support, and that the former husband, has the ability to pay some alimony. We therefore reverse the portion of the order under review terminating the former husband’s alimony obligation and remand to allow the trial court to consider a reasonable modification of the former husband’s alimony obligation to the former wife. Upon remand, the trial court is directed to make specific findings as to the parties’ monthly expenses and income, *123 both net and gross, and may consider whether the parties’ lifestyles following the entry of the dissolution of marriage led to the dissipation of their respective assets.
We also conclude that the trial court abused its discretion by decreasing the amount of permanent periodic alimony the former husband must pay for the months of January to May 2008. Although the former husband’s Motion to Terminate/Modify, which was filed on August 24, 2007, states that the former husband is “now retired,” the undisputed evidence demonstrates that he did not retire until June 2008. Thus, the former husband failed to establish a permanent, unanticipated, substantial change in his financial circumstances warranting a modification of his alimony obligation for January to May 2008. See Townsend v. Townsend, 585 So.2d 468, 469 (Fla. 2d DCA 1991) (finding that trial court abused its discretion by modifying husband’s alimony obligation where he “failed to establish a permanent, unanticipated, substantial change in the financial circumstances of one or both parties”). Therefore, we reverse the portion of the final judgment modifying the former husband’s alimony obligations as to those months.
As to the trial court’s denial of the former wife’s motion for attorney’s fees, we find that the trial court did not abuse its discretion. See Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla.1980). Accordingly, we affirm the portion of the order under review denying the former wife’s request for attorney’s fees. We decline to address the former wife’s remaining claims after concluding that they are without merit.
Affirmed in part; reversed and remanded in part with directions.

. Although the former husband asserted in his August 2007 Motion to Terminate/Modify that he was no longer working, it is undisputed that the former husband was employed until June 20, 2008.

. The former husband’s financial affidavits reflect that his monthly gross income (social security benefits and pension) totaled $3,324.64 in 2008 (almost $40,000 during 2008), and $3,526 in 2009 (more than $42,000 during 2009). However, as to tax year 2008, Form 1099-R reflects that he received $32,787.97 from his pension and Form SSA-1099 reflects that he received $25,404.80 in social security benefits, totaling $58,202.77.

.However, in contrast to the former husband, the former wife's tax returns, Form 1099-R, and Form SSA-1099 were not presented to this Court.

. At the time of the dissolution, the former husband was employed by the Miami-Dade County Public Schools as a mechanic. At the hearing on his Motion to Terminate/Modify alimony, the former husband testified that he was laid off in June 2008 when his employer laid-off part-time employees. However, the former husband's employment record states that he "resigned.”

. These figures reflect the former husband's gross income. Moreover, during these years, the former husband also received disbursements from his retirement accounts.