GROSS, J.
We affirm the final judgment of dissolution, finding no abuse of discretion in the circuit court’s award of durational alimony or guidelines child support. We briefly discuss the alimony award.
These material facts support the alimony award. This was a “moderate-term” marriage within the meaning of section 61.08(4), Florida Statutes (2010). The wife is 39 and in good health; the husband is 44 and in stable health. There are three minor children, born in 1996, 1998, and 2002. Each party received $1,366,120 in equitable distribution; the assets distributed to the wife will generate $8,000 of investment income per year. The wife’s needs are $10,000 per month; she received the unencumbered marital home as part of the equitable distribution. Although she “is voluntarily underemployed and could work more in her chosen field if she chose to,” the wife could reasonably earn $17,000 per year. There was evidence that the wife could earn between $32,000 and $45,000 if she treated work as work, rather than a hobby. The Husband’s gross annual income, including investment income, is $1,445,508.
The trial court awarded $10,708 per month in durational alimony for nine years, commencing on December 1, 2010, and guidelines child support of $6,163 per month, with appropriate reductions occurring as each child reaches the age of majority. The wife contends that the trial court should have awarded permanent alimony.
A trial court’s decision regarding alimony is subject to an abuse of discretion standard of review. E.g., Kareff v. Kareff, 943 So.2d 890, 893 (Fla. 4th DCA 2006). If reasonable persons “could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.” Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. *706 1980). In 2010, the legislature changed the alimony statute and created a new form of alimony called “durational” alimony. See Ch. 2010-199, Laws of Fla. The 2010 amendments apply to all initial awards of alimony entered after July 1, 2010. Id. at § 2. Because the alimony award in this case was made in April 2011, section 61.08, Florida Statutes (2010) governs this case. As a “gray area” or “moderate-term marriage” under section 61.08(4), there is no presumption for or against permanent alimony. Hornyak v. Hornyak, 48 So.3d 858, 861 (Fla. 4th DCA 2010).
The trial court made the findings required by section 61.08(a)-(j). The parties’ standard of living is not a “super-factor” that overrides all other considerations in setting the amount of alimony. See Donoff v. Donoff, 940 So.2d 1221, 1225 (Fla. 4th DCA 2006). The purpose of permanent alimony “is not to divide future income to establish financial equality” between the parties, Rosecan v. Springer, 845 So.2d 927, 929 (Fla. 4th DCA 2003), so disparity in income alone does not justify an award of permanent alimony. See Segall v. Segall, 708 So.2d 983, 987 (Fla. 4th DCA 1998). Alimony is a creation of statute. See Pacheco v. Pacheco, 246 So.2d 778, 780 (Fla.1971). Before the 2010 amendments to section 61.08, gray area cases often involved the choice between permanent alimony and bridge-the-gap alimony. The 2010 amendments created du-rational alimony, an intermediate form of alimony between bridge-the-gap and permanent alimony. In evaluating the propriety of an award of durational alimony, pre-2010 cases are of limited utility, since they evaluate a different type of choice made by the trial judge. “The purpose of durational alimony is to provide a party with economic assistance for a set period of time following a marriage of short or moderate duration.” § 61.08(7), Fla. Stat. (2010). The final judgment is consistent with that purpose and is not “arbitrary, fanciful, or unreasonable” under the totality of the circumstances. Canakaris, 382 So.2d at 1202.
We note that the legislature made further revisions to the alimony statute in 2011. One such revision is that a court awarding permanent alimony “shall include a finding that no other form of alimony is fair and reasonable under the circumstances of the parties.” § 61.08(8), Fla. Stat. (2011). Another such change is that for a marriage of moderate duration, “[p]ermanent alimony may be awarded” if “such an award is appropriate based upon clear and convincing evidence after consideration of the factors set forth” in subsection 61.08(2). Id. (emphasis added). However, the 2011 amendments apply to initial awards of alimony entered after July 1, 2011, and are not applicable to this case. See Ch. 2011-92, § 80, Laws of Fla.

Affirmed.

LEVINE, J., and ROSENBERG, ROBIN L., Associate Judge, concur.