NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DIANNE LORRAINE PURIN,                         )
                                               )
                Appellant,                     )
                                               )
v.                                             )          Case No. 2D13-6070
                                               )
DOUGLAS MARTIN PURIN,                          )
                                               )
                Appellee.                      )
_____)

Opinion filed February 25, 2015.

Appeal from the Circuit Court for Collier
County; Elizabeth V. Krier, Judge.

Matthew E. Thatcher of The Solomon Law
Group, P.A., Tampa, for Appellant.

Cynthia B. Hall of Silverio & Hall, Naples,
for Appellee.


LaROSE, Judge.

Dianne Lorraine Purin appeals the final judgment of dissolution of her long-term, thirty-year marriage. She challenges the trial court's award of durational alimony rather than permanent alimony. See § 61.08, Fla. Stat. (2010). We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A). We reverse the alimony award. In all other respects, we affirm.

Ms. Purin argues that the trial court erroneously denied her permanent alimony by basing the durational alimony determination solely on Mr. Purin's mandatory

retirement at age sixty-five.[1]  The starting point for every alimony determination, of course, is need and ability to pay.  § 61.08(4).  Ms. Purin established her need and Mr. Purin's ability to pay.  §§ 61.08(2), (8).  However, the trial court could not properly resolve a current alimony issue by speculating on the parties' needs and ability to pay when Mr. Purin retired.  See Mallard v. Mallard, 771 So. 2d 1138, 1141 (Fla. 2000).  Generally, "trial courts may not consider future or anticipated events in setting current alimony and child support amounts due to the lack of an evidentiary basis or the uncertainty surrounding such future events."  Nelson v. Nelson, 651 So. 2d 1252, 1254 (Fla. 1st DCA 1995); see also Arthur v. Arthur, 54 So. 3d 454, 459 (Fla. 2010).

The trial court improperly denied permanent alimony solely because Mr. Purin will be required to retire some ten years hence.  An obligor's retirement does not mandate termination of an alimony award.  Suarez v. Sanchez, 43 So. 3d 118 (Fla. 3d DCA 2010) (reversing termination of seventy-nine-year-old obligor's permanent alimony obligation upon his retirement because he failed to show that he could not afford to pay any amount or that the former wife was capable of self-support).  Retirement merely allows the trial court, upon proper motion, to revisit the parties' respective needs and ability to pay as they relate to the underlying alimony award.  Id.

The trial court could consider awarding a nominal amount of permanent periodic alimony in conjunction with the durational alimony award.  See Nourse v. Nourse, 948 So. 2d 903, 904 (Fla. 2d DCA 2007).  Such a combined award might

---

[1]At the time of entry of the final judgment, Mr. Purin was approximately fifty-five years old; Ms. Purin was about fifty-two.  Mr. Purin is a commercial airline pilot subject to mandatory retirement.

minimize the need for litigation at the time of Mr. Purin's retirement while preserving Ms. Purin's right to support if she continued to have need.

Additionally, section 61.08(7) permits the extension of durational alimony if a party can demonstrate through exceptional circumstances the need for continued alimony. The trial court misinterpreted section 61.08(7) when it affirmatively denied Ms. Purin her statutory right to seek an extension of the durational alimony award.

Therefore, we reverse in part and remand for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

NORTHCUTT and MORRIS, JJ., Concur.