IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


BRIDGETTE W. STARK,

      Appellant,

 v.                                                                       Case No.  5D15-1812

CHARLES H. STARK,

      Appellee.

_____/

Opinion filed May 27, 2016

Appeal from the Circuit Court
for Seminole County,
John D. Galluzzo, Judge.

Marcia K. Lippincott, of Marcia K.
Lippincott, P.A., Lake Mary, for Appellant.

Patrick A. McGee, of McGee & Powers,
P.A., Orlando, for Appellee.


EVANDER, J.

     Bridgette Stark ("the Wife") appeals an amended final judgment dissolving her

twenty-seven-year marriage to Charles Stark ("the Husband").  The trial court awarded

the Wife $7000 of bridge-the-gap alimony for eight months, followed by durational alimony

of $4900 per month for nine years, and $100 per month in permanent alimony.  The Wife

does not challenge the amount of alimony awarded, but she contends the trial court erred

in awarding a combination of durational and permanent alimony rather than solely awarding permanent alimony. We agree.

The material facts support an award of permanent periodic alimony. This was a long-term marriage in which the Husband was the primary wage earner. For the majority of the marriage, the Wife was a homemaker (the parties have three children, all of whom have reached the age of majority). The parties were fifty-four years old and in good health. The trial court found that the parties had "lived a lifestyle with an appearance of being in the upper, middle class, but in fact lived beyond their means." They had a significant amount of marital debt and, notably, had set aside little or no funds toward retirement. The obligation to pay the marital debt was placed almost entirely on the Husband.

The trial court determined that the Husband's adjusted gross income over the four-year period immediately preceding trial averaged in excess of $200,000 per year. It imputed income of between $45,000 and $65,000 per year to the Wife. The trial court's factual findings regarding the parties' income and/or imputed income are supported by the record.[1] Based on these findings, the trial court properly concluded that the Wife had an actual need for alimony and the Husband had the ability to pay alimony.

Durational alimony has been described as "an intermediate form of alimony between bridge-the-gap and permanent alimony." *See Broemer v. Broemer*, 109 So. 3d 284, 289 (Fla. 1st DCA 2013) (quoting *Nousari v. Nousari*, 94 So. 3d 704, 706 (Fla. 4th

---

[1] As to the imputation of income to the Wife, the Husband presented the testimony of a vocational expert, who opined that based on the Wife's education and experience, she could obtain a job as an accountant making between $45,000 and $65,000 per year and that such jobs were available in central Florida.

DCA 2012)). The Legislature has authorized its use following a marriage of long duration "if there is no ongoing need for support on a permanent basis."[2] § 61.08(7), Fla. Stat. (2014). Here, the evidence failed to demonstrate that the Wife's need or the Husband's ability to pay would be materially different at the end of the durational alimony period than it was at the time the amended final judgment was entered. As a result, we conclude that the trial court abused its discretion in failing to make the entire $5000 alimony award following the bridge-the-gap alimony period (post January 31, 2016) permanent alimony.

We find no merit in the other issues raised on appeal by the Wife.

AFFIRMED, in part; REVERSED, in part; and REMANDED for entry of amended final judgment in accordance with this opinion.

LAWSON, C.J. and COHEN, J., concur.

---

[2] By contrast, the purpose of durational alimony following a marriage of short or moderate duration is to "provide a party with economic assistance for a set period of time." § 61.08(7), Fla. Stat. (2014).