IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

SUSAN HEDDEN,

      Appellant,

 v.                                 Case No.  5D17-427

MICHAEL HEDDEN,

      Appellee.

_____/

Opinion filed March 16, 2018

Appeal from the Circuit Court
for Orange County,
Mike Murphy, Judge.

Joel C. Wilson, of Wilson Law Firm P.L.,
Orlando, for Appellant.

Jonathan R. Simon, and Jill D. Simon, of
The Orlando Family Firm, Orlando, for
Appellee.


EDWARDS, J.

      Susan Hedden ("Former Wife") appeals the Amended Final Judgment dissolving

her thirty-seven-year marriage to Michael Hedden ("Former Husband").  She argues that

the trial court erred by not classifying all of the alimony awarded as permanent, relying

solely on Former Husband's most recent financial affidavit to determine his ability to pay

alimony, and not including future employer-made retirement contributions in Former

Husband's income. There was no competent, substantial evidence to support an award consisting of both durational and permanent alimony. However, the trial court did not abuse its discretion by relying upon Former Husband's most recent financial affidavit and his testimony in determining his ability to pay alimony, nor by excluding employer-made retirement account contributions from Former Husband's income. Thus, we reverse in part and affirm in part.

For the majority of their marriage, Former Wife was a stay-at-home mother to the parties' two children. She has no special training, certificates, or degrees, and during those occasional periods when she was employed—most recently twelve years prior to trial—she earned approximately $20,000 per year. Her medical condition limits her ability to search for employment. She requested permanent alimony, but agreed that she could probably be employed at minimum wage.

Former Husband had been the "primary breadwinner" during the marriage, earning a relatively stable salary with fluctuating bonuses that led to his annual income being between $146,000 and $191,000 during the three years prior to trial. However, his employer replaced bonuses, which were based on the company's performance, with commissions, which were based upon Former Husband's personal performance. This change reduced Former Husband's overall annual income. In response to Former Wife's request for alimony, he pointed out that he was less than a year from the presumptive age of retirement and that each of them would receive approximately $500,000 in marital assets through equitable distribution.

In the final judgment of dissolution of marriage, the court found that Former Wife had a need for alimony and Former Husband had the ability to pay alimony. After the

2

court imputed minimum wage to Former Wife, it ordered Former Husband to pay Former Wife $1000 per month in permanent periodic alimony and $2700 per month in durational alimony. The durational alimony was to cease when Former Wife reached the age of sixty-two. The court found that, at age sixty-two, Former Wife will be eligible to receive Social Security benefits based on Former Husband's income. Former Wife filed a motion for rehearing regarding several issues, but the court denied her request to revisit the issues on alimony.

Former Wife asserts that it is improper to award durational alimony when there is an ongoing need for alimony and argues that the trial court's decision contradicts the presumption of permanent alimony in long-term marriages.

"In a proceeding for dissolution of marriage, the court may grant alimony to either party, which alimony may be bridge-the-gap, rehabilitative, durational, or permanent in nature or any combination of these forms of alimony." § 61.08(1), Fla. Stat. (2016). "There is a rebuttable presumption that permanent periodic alimony is appropriate after a long-term marriage." *Motie v. Motie*, 132 So. 3d 1210, 1213 (Fla. 5th DCA 2014). "Subsection 61.08(4) establishes a 'rebuttable presumption' that a marriage having a duration of seventeen years or greater is a long-term marriage." *Taylor v. Taylor*, 177 So. 3d 1000, 1003 (Fla. 2d DCA 2015).

It is undisputed that the parties had a long-term marriage. The trial court reviewed all ten factors identified in section 61.08(2) and found permanent alimony was appropriate, and that "no other form of alimony is fair and reasonable under the circumstances of the parties . . . ." *See* § 61.08(8), Fla. Stat. (2016).

3

Durational alimony, which the trial court also awarded, was created to be "an intermediate form of alimony between bridge-the-gap and permanent alimony." *Nousari v. Nousari*, 94 So. 3d 704, 706 (Fla. 4th DCA 2012). "The purpose of durational alimony is to provide a party with economic assistance for a set period of time following . . . a marriage of long duration if there is no ongoing need for support on a permanent basis," and it "may be awarded when permanent periodic alimony is inappropriate." § 61.08(7), Fla. Stat. (2016). According to the statutory language in section 61.08(7), a court cannot award durational alimony if permanent alimony is appropriate; however, section 61.08(1) and case law allow the trial courts to award both if justified. *See Purin v. Purin*, 158 So. 3d 752, 753 (Fla. 2d DCA 2015) (suggesting that on remand the trial court should award both durational and permanent periodic alimony to minimize the need for future litigation should the wife's needs exceed her actual rather than earning ability after the period of durational alimony ended). Here, the trial court's finding of Former Wife's ongoing need for support made permanent periodic, rather than durational, alimony the appropriate choice following the thirty-seven-year marriage.

Furthermore, the trial court abused its discretion to the extent that ordering durational alimony was based on its prediction that Former Wife would have an increased income by seeking and receiving Social Security benefits when she reaches sixty-two years of age. Courts should base alimony awards "on current existing circumstances, and not on possibilities likely but as yet unrealized." *Winn v. Winn*, 669 So. 2d 1155, 1157 (Fla. 5th DCA 1996). In *Stark v. Stark*, the trial court awarded the wife both durational and permanent alimony. 192 So. 3d 632, 632 (Fla. 5th DCA 2016). However, this Court concluded "that the trial court abused its discretion in failing to make the entire $5000

4

alimony award . . . permanent alimony" after finding that "the evidence failed to demonstrate that the Wife's need or the Husband's ability to pay would be materially different at the end of the durational alimony period than it was at the time the amended final judgment was entered." *Id.* at 633.

Although Former Wife may be eligible to receive Social Security when she reaches the age of sixty-two, it is unknown whether she will elect to receive partial benefits at that time or choose full benefits, which would only be available at a later time. The trial court properly found that it could not base the alimony award on Former Husband's future retirement, so it likewise should not diminish the alimony award based on the potential availability of future Social Security benefits. *See, e.g.*, *Purin*, 158 So. 3d at 754 ("Retirement merely allows the trial court, upon proper motion, to revisit the parties' respective needs and ability to pay as they relate to the underlying alimony award."). Therefore, on the facts of this case, we conclude that the trial court abused its discretion when it failed to designate the entire alimony award as permanent periodic alimony.

Former Wife also argues that the trial court abused its discretion in basing its determination of Former Husband's ability to pay alimony solely on his most recent financial affidavit, when his income had been much higher in the recent past. Courts are required to consider all sources of a party's income when determining alimony. § 61.08(2)(i), Fla. Stat. (2016). When "a trial court calculates income for the purpose of awarding child support or alimony, it may not exclude from consideration bonuses that are regular and continuous." *Drew v. Drew*, 27 So. 3d 802, 802 (Fla. 2d DCA 2010). When "bonuses are regular and continuous, it is an abuse of discretion to exclude them

from consideration when making support awards." *Parry v. Parry*, 933 So. 2d 9, 16 (Fla. 2d DCA 2006).

Here, the record is clear that Former Husband's prior income consisted of a salary with bonuses, while his current income consisted of a salary with lower commissions. The trial court did not disregard the commissions; rather, it properly considered Former Husband's financial affidavit and trial testimony as evidence of his current ability to pay alimony. Thus, we find no abuse of discretion.

Former Wife also asserts that the trial court should have included as ongoing income the matching 401(k) contributions made by Former Husband's employer to his retirement account. In determining the amount of alimony, "the needs of a spouse should be based on that spouse's financial situation after, not before, equitable distribution." *Acker v. Acker*, 904 So. 2d 384, 389 (Fla. 2005). "Accordingly, the portion of a pension which has been equitably distributed to a spouse cannot be considered in determining the other spouse's ability to pay alimony because the other spouse obviously no longer has that portion of the marital asset." *Id.* Here, the trial court included the value of the retirement accounts at the time of the final hearing as part of the equitable distribution scheme and gave each party approximately fifty percent. Post-dissolution, Former Wife is not entitled to any contributions to Former Husband's retirement plans. *See Bain v. Bain*, 553 So. 2d 1389, 1391 (Fla. 5th DCA 1990) ("[T]he valuation of a retirement plan should exclude any contributions made after the original final judgment of dissolution."). In the future, both Former Wife's and Former Husband's actual retirement benefits may be relevant should either party petition for modification of alimony. However, the trial

court did not abuse its discretion in excluding the future employer contributions at this point.

Accordingly, we reverse and remand for the trial court to enter an amended judgment that classifies the entire alimony award as permanent periodic in nature. As to all other issues raised by Former Wife, we affirm.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.

ORFINGER and LAMBERT, JJ., concur.