EVANDER, C.J.
Erin Griffitts ("Former Wife") appeals a final judgment dissolving her long-term marriage to Robert Griffitts ("Former Husband"). We find some of the issues that she raises on appeal to have merit.
The trial court awarded three years of durational alimony in the amount of $1800 per month. Former Wife correctly argues that the trial court abused its discretion in failing to award her permanent periodic alimony. The evidence reflected that this was a long-term marriage, in which Former Wife sacrificed a career to be the primary caregiver for the parties' four children. Even after imputation of income to Former Wife, the parties will have a significant income disparity.
There is a rebuttable presumption that permanent periodic alimony is appropriate after a long-term marriage. Motie v. Motie , 132 So.3d 1210, 1213 (Fla. 5th DCA 2014). Although the Legislature has authorized the use of durational alimony following a marriage of long duration, it is not to be awarded where permanent alimony is appropriate. See § 61.08(7), Fla. Stat. (2015) ("Durational alimony may be awarded when permanent periodic alimony is inappropriate."); see also Hedden v. Hedden , 240 So.3d 148, 151 (Fla. 5th DCA 2018).
*221 In denying Former Wife's request for permanent periodic alimony, the trial court relied primarily on the grounds that it had awarded a greater amount of the parties' marital assets to Former Wife and that because of the "investment" made by Former Wife's parents, she would be able to remain in the marital home indefinitely without having to make mortgage payments.[1] While these factors support the trial court's decision not to award a greater monthly alimony amount, they fall far short of justifying its decision to deny an award of permanent periodic alimony. Here, even assuming Former Wife earns the income imputed to her by the trial court,[2] the evidence reflects that Former Wife will still have the need for periodic alimony beyond three years. On remand, the trial court shall enter an amended final judgment that classifies Former Husband's $1800/month alimony obligation as permanent periodic, not durational. See Hedden , 240 So.3d at 153 ; see also Stark v. Stark , 192 So.3d 632, 633 (Fla. 5th DCA 2016).
We also conclude that the trial court erred in failing to require Former Husband's alimony payments to be made through the state depository and by income deduction order, see §§ 61.08(10), 61.1301(1)(a), Fla. Stat. (2015), and by failing to make Former Husband's child support obligation retroactive from the date of Former Wife's request for an increase in temporary support (March 15, 2017) to the date of the final judgment. See Warner v. Warner , 692 So.2d 266, 269-70 (Fla. 5th DCA 1997). The final judgment is otherwise affirmed.
AFFIRMED, in part; REVERSED, in part; and REMANDED.
ORFINGER and EISNAUGLE, JJ., concur.

If and when Former Wife sells the marital home, Former Wife's parents would be paid the balance of their "investment" plus accrued interest-an amount that, at the time of trial, exceeded the property's fair market value.
We further observe that although Former Wife's parents provided significant financial assistance to the parties throughout their marriage, the evidence would not support findings that: 1) Former Wife received continuing and ongoing, not sporadic gifts from her parents, and/or 2) the gifts would continue in the future. See Rogers v. Rogers , 824 So.2d 902, 903 (Fla. 3d DCA 2002) ("When determining a party's ability to pay and a party's need for attorney's fees and costs, the general rule is that the trial court may only consider the financial resources of the parties and not the financial assistance of family or friends. An exception to this general rule is that income can be imputed based on gifts if the gifts are continuing and ongoing, not sporadic, and where the evidence shows that the gifts will continue in the future." (internal quotations and citations omitted) ).

In setting the $1800 per month alimony amount, the trial court imputed $506.40 per week of gross income to Former Wife.