WALLIS, J.
*868 Kelli Gilliland (Wife) appeals the Final Judgment dissolving her long-term marriage to Michael Gilliland (Husband). While Wife raises several arguments on appeal, we only find merit in two. We agree that the trial court erred in failing to award Wife permanent periodic alimony and in reducing Wife's requested attorney's fees without making findings of fact in the Final Judgment. Therefore, we reverse and remand with instructions on these issues. We affirm in all other respects without further discussion.
First, Wife argues it was error to award her durational alimony instead of permanent periodic alimony in this long-term marriage. There is a rebuttable presumption that permanent periodic alimony is appropriate after a long-term marriage. Motie v. Motie, 132 So.3d 1210, 1213 (Fla. 5th DCA 2014). "Neither age nor a spouse's ability to earn some income will alone rebut the presumption" that permanent periodic alimony is appropriate after a long-term marriage. Id. Also, the "[d]isparate earning capacity of the parties is 'a significant factor' in deciding whether permanent ... alimony is warranted." Cerra v. Cerra, 820 So.2d 398, 401 (Fla. 5th DCA 2002) (quoting Young v. Young, 677 So.2d 1301, 1306 (Fla. 5th DCA 1996) ). However, disparity in income alone does not justify awarding permanent periodic alimony. Nousari v. Nousari, 94 So.3d 704, 706 (Fla. 4th DCA 2012).
Generally, an appellate court will not overturn an award of durational alimony instead of permanent periodic alimony in a long-term marriage if it is clear the trial court considered the factors in section 61.08(2), Florida Statutes, and that the evidence shows a party does not have a need for support on a permanent basis. Fichtel v. Fichtel, 141 So.3d 593, 595 (Fla. 4th DCA 2014). However, when a dissolution judgment gives no guidance as to why permanent periodic alimony is inappropriate in a long-term marriage and why durational alimony was awarded, reversal is proper. Taylor v. Taylor, 177 So.3d 1000, 1004 (Fla. 2d DCA 2015).
Here, the trial court made detailed findings of fact regarding the parties' finances, concluding that Wife had a monthly alimony need of $ 1150 with Husband having an ability to pay the same. After discussing the standard for awarding durational alimony, the trial court stated that:
The fact that Husband's income substantially exceeds Wife's does not justify permanent alimony. The purpose of permanent alimony is not to divide future income to establish financial equality. Wife is middle aged, in good health, and has the education and work experience to be self-supporting. Awarding permanent alimony is improper where the evidence fails to show a permanent inability of Wife to sustain herself. Contrary to Wife's argument, the parties' standard of living is not a super-factor which trumps all others when setting the amount of alimony.
The court did not further discuss alimony until it ordered Husband to pay Wife $ 1150 per month in durational alimony for thirty months. The Final Judgment does not further explain its rationale for awarding durational alimony instead of permanent periodic alimony.
Although the court found that Wife is middle aged, in good health, and has the education and work experience to be self-supporting, it made no finding regarding whether Wife had an ongoing need for support on a permanent basis as required by section 61.08(7), Florida Statutes (2012). Additionally, it is unclear from the Final Judgment whether the trial court found that circumstances would change in the *869 next thirty months that would allow Wife to support herself on a permanent basis without Husband's financial assistance.
Based on the Final Judgment, it appears the court relied solely on Wife's age, good health, and current income to find she was not entitled to permanent periodic alimony. Our Court has held these factors alone are insufficient to rebut the presumption that permanent periodic alimony is appropriate in a long-term marriage. See Motie, 132 So.3d at 1213 ; Cerra, 820 So.2d at 401. Under these circumstances, it was error to award Wife durational alimony instead of permanent periodic alimony. See Griffitts v. Griffitts, 263 So.3d 220 (Fla. 5th DCA Jan. 11, 2019) (reversing award of durational alimony instead of permanent periodic alimony in long-term marriage where evidence showed wife had a need for permanent alimony).
Second, Wife argues that the court committed reversible error when it awarded her attorney's fees without including findings of fact in the Final Judgment. As Wife correctly argues, a trial court must make findings of fact in the Final Judgment when awarding attorney's fees in a dissolution proceeding. Simpson v. Simpson, 780 So.2d 985, 988 (Fla. 5th DCA 2001). "In addition to findings of the need for and ability to pay attorney's fees, '[t]he trial court must also make specific findings as to the hourly rate, the number of hours reasonably expended, and the appropriateness of reduction or enhancement factors.' " Duke v. Duke, 211 So.3d 1078, 1081 (Fla. 5th DCA 2017) (quoting Giovanini v. Giovanini, 89 So.3d 280, 282 (Fla. 1st DCA 2012) ). The fact that there is competent, substantial evidence supporting the trial court's award does not obviate the need for specific factual findings in the judgment. Powell v. Powell, 55 So.3d 708, 709 (Fla. 4th DCA 2011).
In the Final Judgment, the court notes that Wife testified she owes her attorney $ 20,000. Thereafter, the court ordered Husband to "contribute $ 10,000 to Wife's attorney towards fees and costs." Although the court subsequently sets forth the way Husband should pay Wife's attorney, there is no explanation for the court's rationale in awarding Wife half of the attorney's fees she requested. The Final Judgment also lacks any factual findings regarding Wife's need for fees, Husband's ability to pay those fees, Wife's attorney's hourly rate, the number of hours he expended, whether that number of hours was reasonable, or whether any factors support reducing or enhancing the fee amount. The failure to include these findings requires reversal of the attorney's fees award for the trial court to hear evidence and make the required findings in support of its ruling. See Duke, 211 So.3d at 1082 (reversing attorney's fees award where trial court failed to set forth specific findings of fact in final judgment about hourly rate and number of hours); Powell, 55 So.3d at 709-10 (reversing attorney's fees award where judgment did not contain findings regarding number of hours reasonably expended and appropriateness of reduction or enhancement factors).
For these reasons, we reverse the portion of the Final Judgment awarding Wife durational alimony and a portion of her attorney's fees and affirm in all other respects. On remand, the trial court shall enter an amended final judgment that classifies Husband's alimony obligation as permanent, not durational.[1] In addition, the trial court shall hear evidence regarding *870 attorney's fees and make the required findings in support of its ruling and include those findings in its order regarding attorney's fees.
AFFIRMED IN PART; REVERSED IN PART; REMANDED with Instructions.
ORFINGER and BERGER, JJ., concur.

See Hedden v. Hedden, 240 So.3d 148, 153 (Fla. 5th DCA 2018) ; see also Stark v. Stark, 192 So.3d 632, 633 (Fla. 5th DCA 2016).